UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.  2:11-cr-0058-JAD-CWH |
| Plaintiff | **Order Denying Motion** |
| v. | ECF No. 273 |
| Develle Rural Merritte, | |
| Defendant | |

In 2017, Develle Rural Merritte was sentenced to 196 months in custody for a series of armed robberies, to run concurrent with a state-court sentence imposed for a 2010 state-court case.[1]  Merritte is currently serving his time in the Nevada Department of Corrections.  Pointing out that he "has maintained a record of good behavior while in custody," "has proactively programmed," and was participating in the Veteran's Court before it was shut down, Merritte asks this court to apply sentence credits "towards his overall sentence by way of the First Step Act" or any other available means.[2]

Unfortunately, this court lacks the power to award such relief.  The calculation of good-time credits is entirely the domain of the Bureau of Prisons.[3]  As the Ninth Circuit Court of Appeals explained in *U.S. v. Martinez*, "The courts have original jurisdiction

---

[1] ECF No. 256 at 3.

[2] ECF No. 273.

[3] *See* 18 U.S.C. § 3624 (b); *cf. United States v. Wilson*, 503 U.S. 329, 333 (1992) (holding that the Attorney General, not the federal courts, determines the appropriate credit for time spent in official detention).

only over the imposition of sentence, not over its computation: 'It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due.  It is not the province of the sentencing court.'"[4]  So Merritte will need to address his request to the Bureau of Prisons in the first instance.[5]

      Although this court commends Merritte for his conduct while in custody, because this court lacks the power to grant Merritte good-time credits under the First Step Act or otherwise, IT IS ORDERED that his motion **[ECF No. 273] is DENIED.**

                                              _____
U.S. District Judge Jennifer A. Dorsey
October 24, 2025

---

[4] *See United States v. Martinez*, 837 F.2d 861, 865–66 (9th Cir. 1988) (quoting *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979)).

[5] Merritte captions this motion as "Petitioner's motion," but he has not sought writ relief; this is a motion brought in his criminal case.

2